UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY LEU,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI, acting Commissioner of Social Security,<br><br>    Defendant. | No. 1:21-cv-01057-GSA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EAJA ATTORNEY'S FEES IN PART**<br><br>**(Doc. 17)** |

## I. Introduction and Procedural Background

On July 6, 2021 Plaintiff Cathy Leu ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act. Doc. 1. The matter was stayed pursuant to General Order 615. Doc. 7. The Certified Administrative Record was filed on November 22, 2021 and the stay was lifted. Doc. 9–10.

Plaintiff filed her motion for summary judgment on December 17, 2021. Doc. 12. Defendant filed no response. Rather, the parties stipulated to remand the matter to the agency for further proceedings. Doc. 14. Pursuant to the stipulation, judgment was entered for Plaintiff. Doc. 16. Plaintiff now moves for attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. 17. Plaintiff's counsel initially sought $5,151.13 for 24.1 hours expended pursuing the case to judgment, to which he added 8.2 hours for drafting the fee motion, bringing the total to $6,903.79. Defense counsel opposed the request arguing the hours spent were excessive. Doc. 18. Plaintiff's counsel replied and sought compensation for an additional 4.3 hours of time spent drafting the reply, bringing the total request to $7,822.88. Doc. 19.

**II.     Discussion**

    **A.     Substantial Justification**

        **1.     Legal Standard**

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is also considered a prevailing party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of

substantial justification is within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) '"position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . ."' Thus, the substantial justification standard applies not only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

### 2.   Analysis

Plaintiff is a prevailing party having obtained a judgment pursuant to stipulation. There is no contention or evidence that she is otherwise ineligible under 28 U.S.C. § 2412(d)(2)(B) based on her assets. Substantial justification of the Defendant's position is not at issue. A fee award is therefore appropriate.

### B.   Fee Amount

#### 1.   Legal Standard

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has an "independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed." *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020), citing *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999). "This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request." *Id,* citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections").

Under fee shifting statutes, the movant generally bears the burden of documenting hours and establishing reasonableness of the fee request. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Counsel is entitled to compensation for all work a reasonable and prudent lawyer would undertake to advance her client's interests. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals. *See* 9th Cir. R. 39-1.6. The rate set for 2021 was $217.54 per hour.[1] Counsel seeks reimbursement at a rate of $213.74 per hour.

## 2. **Analysis**

The pre-judgment and post-judgment portions of the fee request will be addressed separately. Counsel seeks compensation for 24.1 hours of work to pursue the case to judgment. Doc. 17-1. "Courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

Some district courts decline to do a line-by-line review of the fee petition where the overall number of hours expended was reasonable. *Allen v. Berryhill*, Case No. 17-cv-03384-SI, 2019 WL 343422 (N.D. Cal. January 28, 2019) (70.85 hours); *Thompson v. Colvin* (E.D. Cal., Apr. 17, 2015, No. 2:12-CV-01850-AC) 2015 WL 1767733, at *2 (63.4 hours); *Schneider v. Colvin* (E.D. Cal., Feb. 9, 2016, No. 1:14-CV-0034-SKO) 2016 WL 500595, at *4 (55.4 hours)). Other courts do

---

[1] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited March 7, 2022).

conduct line-by-line reviews of fee petitions and deduct time sought for non-compensable work and for certain time entry practices. *See e.g.*, *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-CV-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (eliminating time entries for duplicative tasks); *Mallard v. Berryhill,* No. 1:17-CV-01212 - JLT, 2019 WL 2389506, at *3 (E.D. Cal. June 6, 2019) (same); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished) (affirming reductions for clerical tasks, vague narratives, block billing, and use of quarter-hour billing increments).

Defendant does not take issue with the time entry practices here or any non-compensable work, such as clerical work. Nor are any such practices apparent after the Court's review of the billing entries. Doc. 17-1. Rather, Defendant contends that 24.1 hours was an excessive amount of time to review a relatively short administrative record of 729 pages and to draft a 7-page motion for summary judgment which, according to Defendant, "raised just two run-of-the-mill issues: whether the administrative law judge erred by failing to (1) resolve an apparent inconsistency between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT), and (2) discuss or consider the medical opinion of Oscar Hernandez, M.D.." Resp. at 3, Doc. 18.

The Court disagrees. Granted, the administrative record and motion for summary judgment here were both on the shorter end, and the issues therein were on the lower end of complexity. Nevertheless, 24.1 hours is also on the lower end in terms of hours typically sought in Social Security cases. As noted by the Ninth Circuit in *Costa*, 20 to 40 hours is the most common range sought and granted. *Costa*, 690 F.3d at 1136. That is commensurate with the undersigned's experience as well for cases filed in this Court. 24.1 hours is appropriately on the lower end of that range, and thus no reduction will be applied.

As to the amount of time spent litigating the motion for attorney fees, however, the request in the Court's opinion is excessive. Counsel seeks 8.2 hours for the motion for fees and 4.3 for the

reply, bringing the total amount of hours spent on the fee motion to 12.5 hours, compared to 24.1 hours to pursue the case to judgment. This would amount to a 50% increase in the total amount sought for work expended in this case, and would match the approximately 12 hours of time counsel spent researching, drafting and revising the initial motion for summary judgment according to the billing entry.

A significant portion of counsel's fee motion addressed routine matters such as prevailing party status, eligibility, and substantial justification of the government's position, none of which are at issue. Counsel could have reasonably anticipated that Defendant would oppose the motion based on the reasonableness of the amount of time expended, not whether Plaintiff was entitled to a fee award generally. As Plaintiff's counsel is well aware, the Court has no merits brief from the Defendant and is in no position to address the substantial justification, or lack thereof, of Defendant's position. In short, counsel needn't have spent any time on the issue of substantial justification beyond quoting the standard and plainly stating that it's not at issue, as the Court did above.

Counsel also pre-emptively addressed the propriety of several minor billing entries ranging from 0.3 to 0.6 hours, explaining why Counsel believes they were not clerical tasks that could be delegated. Although the movant generally bears the burden of documenting hours and establishing reasonableness of the fee request (*See Hensley*, 461 U.S. at 434), it seems a bit redundant and excessive to compensate counsel for spending potentially as much (or more) time pre-emptively defending the propriety of de minimis billing entries than he originally spent performing the actual substantive work described in those entries. Counsel could have easily forgone this discussion and raised the same in his reply in the event Defendant took issue with those line items, which Defendant did not do.

In short, drafting the fee motion should have taken much less than 8.2 hours. As for the 4-page reply, counsel did an admirable job of contesting Defendant's arguments and case law regarding the length of the administrative record and the complexity of the issues at bar, though 4.3 hours is still a bit excessive for a 4-page reply brief.

The Court recognizes that counsel has an incentive to thoroughly and persuasively brief the motion to protect the right to collect an earned fee. But there is no justification here for increasing counsel's overall fee award by 50% for the time spent litigating the fee motion, particularly under circumstances where counsel obtained the underlying judgment by stipulation. The 12.5 hours sought to litigate the fee motion will be reduced to 6.5 hours. *See Lopez v. Astrue*, No. 1:10CV1012 AWI GSA, 2012 WL 2052146, at *5 (E.D. Cal. June 6, 2012), report and recommendation adopted, No. 1:10-CV-01012 OWW, 2012 WL 2995486 (E.D. Cal. July 23, 2012) (reimbursing "6.5 hours for the preparation of his billing sheets, the preparation of the EAJA application and for the related Reply.").

Finally, it is worth underscoring a practical consideration. Even if the Court had granted Defendant the 11-hour requested reduction, when factoring in the time Plaintiff's counsel sought for litigating the fee motion, the total amount of the award would be roughly the same as Plaintiff original request for working up the case.

In short, in cases such as this one where neither the amount sought, nor the requested reductions thereto are particularly substantial, the process of litigating the fee motion tends to erode any potential cost savings for the treasury. Such motions also unnecessarily occupy judicial and attorney time which could be better spent working up other cases. The parties are encouraged to make a good faith attempt to resolve minor fee disputes without Court involvement whenever possible.

For the foregoing reasons, counsel will be awarded 24.1 hours for pursuing the case to judgment, and an additional 6.5 for litigating the fee motion, bringing the total to 30.6 hours at a rate of $213.74, which yields a fee award of $6,540.44.

### III.     Order

Accordingly, Plaintiff's motion for attorney fees (Doc. 17) is **granted in part.** Fees in an amount of $6,540.44 are awarded in favor of Plaintiff Cathy Leu and against Defendant Kilolo Kijakazi, acting Commissioner of Social Security.

Fees shall be made payable to Plaintiff. The Department of the Treasury shall determine whether Plaintiff owes a federal debt. If she does not, then the government shall cause the payment of $6,540.44 in fees to be made directly to Plaintiff's Counsel, Francesco Benavides, pursuant to the assignment executed by Plaintiff (Doc. 17-2).[2]

IT IS SO ORDERED.

Dated:   **December 8, 2022**                       **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[2] *See Astrue v. Ratliff*, 560 U.S. 586, 593, 597 (2010).